UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| ROZONE PRODUCTIONS, LLC; RTR ILLUMINATED INVESTORS 3, LLC; and ROBERT T. ROSEN, <br><br>　　　　Plaintiffs, <br><br>　vs. <br><br>ANDREW ROCKY RACZKOWSKI; TICKETS PLUS INCORPORATED, d/b/a Star Tickets Plus; GOOD MUSIC AGENCY, INC., d/b/a Talent Buyers Network; BRIAN KNAFF; and ROBERT J. STRUYK, <br><br>　　　　Defendants. | CIV. 09-5015-JLV <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION TO WITHDRAW |

## INTRODUCTION

Attorneys G. Verne Goodsell and David S. Barari move to withdraw as counsel for defendants Good Music Agency, Inc., a/k/a Talent Buyers Network, Brian Knaff, and Robert J. Struyk. (Docket 101). Attorney Goodsell makes the motion because the defendants are unable to pay for legal services. Id. These defendants desire to proceed *pro se* as follows:

　　Brian Knaff - *pro se*;
　　Good Music Agency, Inc. - Brian Knaff - *pro se*; and
　　Robert Struyk - *pro se.*

Id.  Mr. Goodsell also moves the court to seal his affidavit filed in support of the motion to withdraw. (Docket 102).

**THE LAW**

28 U.S.C. § 1654 provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

Without variance, every federal appeals court allows an individual, as a defendant, to discharge his attorney and proceed *pro se* under § 1654. "As a general matter of federal law, an individual proceeding in federal court has the right to present his case *pro se* . . . ." Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 67 (2d Cir. 2011) (referencing 28 U.S.C. § 1654). However, "*pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." Ackra Direct Marketing Corporation v. Fingerhut Corporation, 86 F.3d 852, 856-57 (8th Cir. 1996) (citing Jones v. Phipps, 39 F.3d 158, 163 (7th Cir. 1994); Anderson v. Home Insurance Co., 724 F.2d 82, 84 (8th Cir. 1983)).

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council., 506 U.S. 194, 201-02 (1993). "[S]ave in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Id. at 202.

The Eighth Circuit Court of Appeals is not one which has embraced a "few aberrant case[s]." A non-lawyer may not represent a corporation in federal court. Steele v. City of Bemidji, 257 F.3d 902, 905 (8th Cir. 2001). See Knoefler v. United Bank of Bismarck, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."); Joshua Building Trust v. Clementi, 78 F.3d 588 (8th Cir. 1996) (Table) ("A non-lawyer trustee may not represent a trust pro se in federal court."). See also Lattanzio v. COMTA, 481 F.3d 137, 139-40 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation. . . . We have extended this reasoning to partnerships and single shareholder corporations, as well as to shareholders who file derivative suits. . . ." (citing Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) (other internal citations omitted); United States v. 9.19 Acres of Land, More or Less, in Marquette County, Michigan, 416 F.2d 1244, 1245 (6th Cir. 1969) ("The United States District Court was clearly correct in ruling that a corporate president may not represent his corporation before a federal court. 28 U.S.C. § 1654 . . . ."); Turner v. American Bar Ass'n, 407 F. Supp. 451 (N.D. Tex. 1975), aff'd, 539 F.2d 715 (Table), aff'd, 542 F.2d 56 (Table) (corporations and partnerships must be represented by licensed counsel).

**ORDER**

Based on the above analysis, it is hereby

ORDERED that defendants' motion (Docket 101) is granted in part and denied in part.

IT IS FURTHER ORDERED that defendants' motion to seal (Docket 102) is granted.

IT IS FURTHER ORDERED that defendant Brian Knaff shall be permitted to represent himself, on a *pro se* basis, throughout the remainder of this case.

IT IS FURTHER ORDERED that defendant Robert J. Struyk shall be permitted to represent himself, on a *pro se* basis, throughout the remainder of this case.

IT IS FURTHER ORDERED that Attorneys G. Verne Goodsell and David S. Barari are permitted to withdraw as counsel for defendants Brian Knaff and Robert J. Struyk.

IT IS FURTHER ORDERED that defendant Brian Knaff shall not be permitted to represent Good Music, Inc.

IT IS FURTHER ORDERED that Attorneys G. Verne Goodsell and David S. Barari shall remain as counsel of record for defendant Good Music, Inc., pending proper substitution of counsel under the local rules of the court.

Dated August 16, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE